In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01297-CR
____________

JOSE AMEZCUA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 961154



 
MEMORANDUM OPINION
               Appellant pleaded guilty to possession of less than one gram of cocaine and,
in accordance with the plea bargain agreement between appellant and the State, the
trial court deferred adjudication of guilt, placed appellant on community supervision
for four years, and assessed a $700 fine. We dismiss the appeal for lack of
jurisdiction.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. Therefore,
neither of the exceptions to Rule 25.2(a)(2) applies. We must dismiss an appeal
unless the record includes a certification that shows the appellant has the right of
appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

               All pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).